UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Karyl Clarke,<br><br>    Petitioner<br><br>v.<br><br>Jacqueline Gravatt, et al.,<br><br>    Respondents | Case No. 2:25-cv-00166-JAD-NJK<br><br>**Order Granting Motions to Proceed *In Forma Pauperis* and Motion for Leave to File Documents Electronically and Ordering Petitioner to Show Cause by May 30, 2025, why the Petition should not be Dismissed Without Prejudice**<br><br>[ECF Nos. 1, 1-1, 8, 9] |

    Petitioner Karyl Clarke has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, moved for leave to proceed *in forma pauperis* (IFP), and seeks leave to file documents electronically.[1] Having reviewed the petition under the Rules Governing Section 2254 Cases, and considered Clarke's motions, I grant Clarke's motions but find that the petition appears to be wholly unexhausted. So I instruct Clarke to show cause by May 30, 2025, why his petition should not be dismissed without prejudice as unexhausted.

### Background[2]

    Clarke challenges a conviction and sentence for harassment imposed by the North Las Vegas Municipal Court on December 18, 2024, in case number CR001292-23.[3] Clarke did not appeal his conviction to the Eighth Judicial District Court. On April 14, 2025, Clarke filed a

---

[1] ECF Nos. 1, 1-1, 8, 9.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx).

[3] ECF No. 1-1 at 1.

post-conviction habeas petition in the Eighth Judicial District Court.[4] That matter is currently pending with a hearing set for July 24, 2025.

## Discussion

Habeas Rule 4 requires the assigned judge to review a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[5] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[6] Clarke's petition suffers from a possible procedural defect: exhaustion.

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[7] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[8] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[9] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his or her federal claim is based.[10]

---

[4] *Karyl Clarke v. Jacqueline Gravett*, No. A-25-916867-W.

[5] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[6] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[7] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[8] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[9] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[10] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Clarke did not challenge his judgment of conviction from the state municipal court by filing an appeal with the Eighth Judicial District Court,.[11] And Clarke's state habeas petition is still pending before the Eighth Judicial District Court. So at this point, the state courts have not yet had an opportunity to redress any violation of Clarke's constitutional rights. From a legal standpoint, this means that the claims in his petition are wholly unexhausted. Clarke must therefore show cause why his petition should not be dismissed without prejudice as unexhausted, meaning that Clarke would have the ability to refile his petition in a new case before this court at the conclusion of his state habeas proceedings.[12]

## Conclusion

IT IS THEREFORE ORDERED that the Motions for Leave to Proceed IFP and motion for leave to file documents electronically **[ECF Nos. 1, 8, 9] are GRANTED**.

IT IS FURTHER ORDERED **that Clarke must show cause why this action should not be dismissed without prejudice by filing a written response to this show-cause order by May 30, 2025.** If he fails to do so, this action will be dismissed without further advance notice.

_____
U.S. District Judge Jennifer A. Dorsey
April 28, 2025

---

[11] *See* Nev. Rev. Stat. § 177.015(1)(a) ("The party aggrieved in a criminal action may appeal . . . [t]o the district court of the county from a final judgment of the justice court."); Nev. Rev. Stat. § 189.010 ("[A] defendant in a criminal action tried before a justice of the peace may appeal from the final judgment therein to the district court of the county where the court of the justice of the peace is held, at any time within 10 days from the time of the rendition of the judgment."); Nev. Const. art. 6, § 6; *Sandstrom v. Second Judicial Dist. Court of State*, 119 P.3d 1250, 1252 (Nev. 2005) ("The power of the district courts to entertain appeals from justice court orders is firmly rooted in the Nevada Constitution."); *see also McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (explaining that the court looks to state law to determine the process for direct review of a misdemeanor conviction).

[12] Clarke remains responsible for calculating the running of the federal limitations period and timely presenting claims.

3